UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20753-CR-GOLD/BANDSTRA

UNITED STATES OF AMERICA,

vs.

TAMERA N. NICOLE KING, and
DAVID CAMERON,

        Defendants.

_____/


## REPORT AND RECOMMENDATION

THIS CAUSE  is before the Court on (a) [David Lloyd Cameron's] Motion to

Suppress Evidence and Request for *Franks* Hearing (D.E. 37) filed on March 19, 2007; (b)

[David Lloyd Cameron's] Motion to Severe (D.E. 38) filed on March 19, 2007; and (c)

Defendant King's Motion to Adopt Co-Defendant's Motion to Suppress and Defendant

King's Motion to Suppress Evidence (D.E. 39) filed on March 19, 2007.  Subsequently,

these three motions were referred to the undersigned for appropriate proceedings by the

Honorable Alan S. Gold pursuant to 28 U.S.C. §636(b).  Accordingly, the undersigned

conducted a hearing on these motions on May 30, 2007. [1] Following careful review of the

pleadings, the court file and applicable law, and in consideration of oral argument of the

parties, the undersigned recommends:

_____

[1]As discussed more fully below, the undersigned finds that neither defendant
meets the requirements for an evidentiary hearing under *Franks v. Delaware*, 438 U.S.
154 (1978), so that the undersigned heard only oral argument on these motions.

a.  that  David Lloyd Cameron's Motion to Suppress Evidence and Request for *Franks* Hearing be DENIED;

b.  that  David Lloyd Cameron's Motion to Severe be DENIED; and

c.  that Defendant King's Motion to Adopt Co-Defendant's Motion to Suppress and Defendant King's Motion to Suppress Evidence be DENIED.

## ANALYSIS

A. Cameron's Motion to Suppress Evidence & Request for *Franks* Hearing

Defendant David Lloyd Cameron (hereinafter  "Cameron") moves to suppress all evidence seized from his residence and for a *Franks* Hearing pursuant to *Franks v. Delaware, supra,* on the grounds that the affidavit used to obtain a search warrant for his residence contained intentional misrepresentations by law enforcement officers which mislead the state court officer issuing the search warrant.  More specifically, Cameron alleges that statements in the affidavit concerning the reliability of the confidential informants used by the Miami-Dade police officers are untrue; as is the statement that "Official Miami-Dade County Funds" were used to make purchases of cocaine or cocaine base from him. Cameron Motion to Suppress, ¶ ¶ 3-4. Additionally, Cameron argues that the confidential informant never advised the investigating police officers that he purchased any contraband from Cameron at his residence so that statements to the contrary in the affidavit were without factual support.  Cameron offers no proof of any such falsities or

2

inaccuracies, such as affidavits or a proffer of testimony of any witnesses, other than police reports he reviewed of an earlier investigation of narcotics sales at Cameron's residence not relied upon by the police officers in seeking the subject search warrant.

In *Franks v. Delaware*, the Supreme Court set forth the specific requirements when requesting an evidentiary hearing based on alleged falsities or inaccuracies in an affidavit used to support a search warrant. Specifically, the Supreme Court instructed:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent  misstate are insufficient.  The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity of reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding a probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

438 U.S. at 154. Thus, a *Franks* hearing is warranted if and only if a defendant makes a substantial preliminary showing that the affiant knowingly and intentionally included false statements in an affidavit or omitted a material fact relevant to the finding of probable cause, or otherwise establishes  reckless disregard for the truth by the affiant, and that such misstatements of omissions were necessary to or relevant to the finding of the probable cause.  This preliminary showing must be based on "allege[d] facts, which if

proven, would provide a basis for relief." *United States v. Richardson*, 764 F.2d 1514, 1427 (11th Cir. 1985). The defendant must accompany such allegations with an "offer of proof," such as affidavits or sworn statements of witnesses, or "satisfactorily explai[n]" "the absence of such proof. 438 U.S. at 171.

Here, Cameron alleges falsities in the affidavit with respect to the reliability of the confidential informants referred to in the affidavit; information obtained (or not obtained) from the informants (i.e., no statement by the informant that he purchased cocaine from Cameron); and the source of money used to purchase the cocaine (i.e., no "Official Miami-Dade County Funds" were used to purchase the cocaine). However, Cameron offers no proof of these alleged misrepresentations in the affidavit other than his own reading of the affidavit and records he apparently obtained from the Miami-Dade Police Department with respect to two earlier sales of narcotics by Cameron to different informants being used by other police officers at the subject residence.[2] Thus, Cameron fails to make a "substantial showing" of falsehood in the search warrant affidavit or reckless disregard for the truth which would warrant a *Franks* hearing under the circumstances of this case.

---

[2]Reading the government's response, it appears that Cameron failed to understand that the search warrant for his residence was based on two later narcotics transactions at his residence on June 28 and July 5, 2006 , and not on earlier transactions in April and May, 2006, referred to in his motion to suppress. While Cameron argues the absence of any mention of those earlier cocaine sales in the subject search warrant affidavit, the undersigned finds that such information was not necessary to the finding of probable cause and issuance of this search warrant by the state court judicial officer.

B. <u>Cameron's Motion to Sever Count 10</u>

Cameron also moves to sever Count 10 of the indictment, charging him with the possession of a firearm and ammunition by a convicted felon, from Counts 1-9, charging him with conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, cocaine base and marijuana, and carrying a firearm during and in relation to drug trafficking crimes.  Defendant argues that he does not intend to stipulate to his status as a convicted felon so that "he will face extreme prejudice" if such proof is offered by the government in a single trial.  Defendant seeks severance of Count 10 under Rule 14 of the Federal Rules of Criminal Procedure which allows for severance of counts "if the  joinder or offenses... in an indictment... appears to prejudice a defendant."

In response, the government correctly argues that Count 10 was properly joined with the other counts of the indictment under Fed.R.Crim.P. 8(a) which states that an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged... are of the same or similar character, or are based on the same transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P. 8(a). "Rule 8 is broadly construed in favor of the initial joinder." *United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000).  The Eleventh Circuit has held that "especially when, as here, weapons and drugs are found during the same search, joinder of a weapons offense with drug charges is proper under Rule 8(a)." *United States v. Montes-Cardenas*, 746 F.2d 771, 777 (11th Cir. 1984). Here, the firearms and drugs that serve as the basis of Counts 1 and 6-10, as well as the photograph of Cameron holding the firearm inside the residence, were discovered during the same search.  Furthermore, Count 9 expressly

5

alleges that Cameron possessed the firearm underlying the 924 (c) , 922 (g) (1) counts, 9 and 10 respectively, in furtherance of the drug trafficking crimes charged in counts 1, 6, 7, and 8.  Thus, the undersigned finds that Count 10 was properly joined under Rule 8(a).

Because joinder was proper, Cameron must show that joinder of Count 10 will result in "compelling prejudice" justifying severance under Rule 14. *United States v. Hersch*, 297 F.3d 1233, 1244 (11th Cir. 2002).  Cameron has failed to make such a showing here.  The Eleventh Circuit has held that severance is required only where there is "a high likelihood of prejudice," *United States v. Jimenez*, 983 F.2d 1020, 1022 (11th Cir. 1993), "against which the district court offered no protection." *Hersch*, 297 F.3d at 1244.  As the *Jimenez* case makes clear, even when a defendant does not stipulate that he is a felon and instead requires the government to prove a prior conviction, there is no prejudice in refusing to sever a felon-in-possession count when the court takes steps to minimize the prejudice. In *Jimenez*, that was accomplished when the defendant's prior criminal conviction was not "unduly emphasized at trial" and when the trial judge provided a cautionary instruction that the jury should "limit it's consideration of the prior conviction to the firearms count." *Jimenez*, 983 F.2d at 1023.  The same precautions can be taken in this case.

Accordingly, the Court finds no misjoinder under Rule 8(a) or compelling prejudice under Rule 14 which cannot be minimized with proper instructions to the jury so that this motion to sever should be denied.

C. Defendant King's Motion to Adopt and to Suppress Evidence

Defendant Tamara Nicole King (hereinafter "King") moves to adopt Cameron's motion to suppress evidence and files her own motion to suppress arguing that the seizure of items from Cameron's residence violated her Fourth Amendment privilege against unreasonable searches and seizures. More specifically, defendant argues that she was arrested without probable cause "because neither the affidavit in support of the search warrant nor the search warrant itself articulated the persons to be seized with sufficient particularity." King Motion, ¶ 7. Essentially, King argues that she "was merely present" at Cameron's residence and that no police officers "[caught] her in the act" of selling or using narcotics or any other illegal activity. King Motion, ¶ 7. Thus, King argues that she was arrested without probable cause in violation of the Fourth Amendment; and she requests a *Franks* hearing to "challenge the sufficiency of the affidavit" which, in her view, was "recklessly lacking in probable cause to tie [King] to the things seized from the residence." King Motion, ¶ 9. King argues no particular false statements in the affidavit, and offers no proof of any such falsity. Rather, King argues that the affidavit itself exhibits a reckless disregard for the truth but by failing to specify, by name or otherwise, the persons to be arrested at the residence.

Defendant King's motion, while styled as a motion to suppress evidence, is more properly viewed as a motion to dismiss based on lack of probable cause to arrest her on the charges in this case. The search warrant itself, while authorizing the search and seizure of certain items at Cameron's residence, also authorized the arrest of "all persons in the unlawful possession" of the controlled substance and other items to be seized under

the warrant. While King is correct in noting the vagueness of persons to be arrested in the search warrant itself, the Court finds that she was not arrested pursuant to the search warrant but rather on the basis of her alleged activities observed by the police officers and on the date of her arrest as well as certain items seized pursuant to the warrant. Specifically, King was found at the residence where narcotics were seized along with photographs of her counting or displaying large sums of United States currency. The government further proffers, and King does not dispute, that Detective Kevin Thelwell, the affiant to the search warrant affidavit, identified both Cameron and King as the persons involved in the June 28 and July 5 crack purchases. Following her arrest, this court issued a Complaint in which similar allegations were contained after finding probable cause to support King's arrest. Thereafter, a federal grand jury indicted King giving rise to a presumption of probable cause in support of the instant charges. Defendant offers no basis, other than her "mere presence" defense,to reopen the probable cause determinations previously made by the court and grand jury in this case. Moreover, and more specific to this motion, the undersigned finds no basis to suppress evidence found at Cameron's residence on arguments now advanced by King in her motion.

King also requests a *Franks* hearing to challenge the sufficiency of the affidavit authorizing the search. Assuming her standing to challenge the search warrant[3], the undersigned finds that King, like Cameron before her, challenges no specific false

---

[3]King argues through counsel that she was a frequent visitor to Cameron's residence and may have had clothes there. The undersigned finds these statements supporting residency there to be in stark contrast to arguments made in her motion that she was merely present at the residence on the day of her arrest. The government does not argue defendant's lack of standing to challenge the search so that this issue is not further discussed herein.

statements in the affidavit and offers no proof of such falsity. At most, defendant notes that the affidavit makes reference to an "unknown black female" observed at the June 28 purchase. Again, the undersigned notes that defendant was arrested based on probable cause developed as a result of this entire investigation, including events on the date of the search, so that any reference to her as an "unknown black female" is not a false statement or reckless regard for the truth.

## SUMMARY

For all of the foregoing reasons, the undersigned recommends:

a.  that David Lloyd Cameron's Motion to Suppress Evidence and Request for *Franks* Hearing be DENIED;

b.  that David Lloyd Cameron's Motion to Severe be DENIED; and

c.  that defendant King's Motion to Adopt Co-Defendant's Motion to Suppress and Defendant King's Motion to Suppress Evidence be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Alan S. Gold, United States District Judge, within **five (5)** days of receipt. See 28 U.S.C. §636(b)(1) ( c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983); and Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985), reh. denied, 474 U.S. 1111 (1986).

RESPECTFULLY SUBMITTED in Miami, Florida, this ____ day of June, 2007.

Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:

Honorable Alan S. Gold
All counsel of record

10